UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VALDIVIA,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR,<br><br>    Respondent. | No. 1:20-cv-01185-SKO (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO PROSECUTE UNDER E.D. CAL. L.R. 183(b) AND DECLINING TO ADOPT FINDINGS OF RECOMMENDATIONS<br><br>(Doc. No. 5) |

Petitioner is a state prisoner proceeding *pro se* and *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After screening the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases, the assigned magistrate judge issued findings and recommendations on August 28, 2020, recommending that the pending petition be summarily dismiss due to petitioner's failure to exhaust his claims by presenting them first to the state's highest court. (Doc. No. 5.) The findings and recommendations were served on petitioner by mail at his address of record, but the mail was returned to the court as "undeliverable."[1] (*Id.*) Consequently, petitioner has not filed any objections to the pending findings and recommendations and the time to do so has long since passed. Finally, the court notes that no

---

[1] Another order was issued by the magistrate judge on October 14, 2020, requiring petitioner to file notice with the court as to whether he consented to magistrate judge jurisdiction over this action. (Doc. No. 6.) That order was also served on petitioner at his address of record and returned to the court on October 23, 2020 as undeliverable.

1

communication has been received from petitioner since his petition was filed on August 21, 2020.

Under Local Rules of the United States District Court for the Eastern District of California, Rule 183(b):

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. L.R. 183(b).

More than sixty-three days have passed since the mail service on petitioner at his address of record was returned to the court as "undeliverable" on September 18, 2020. Nonetheless, petitioner has yet to advise the court of his current address as required by Local Rule 183(b). Accordingly, this habeas petition may be dismissed under Local Rule 183(b) and the court need not address whether the pending findings and recommendations should be adopted.

In light of the foregoing,

1. The pending findings and recommendations (Doc. No. 5) are terminated;
2. The petition for writ of habeas corpus is DISMISSED without prejudice due to petitioner's failure to keep the court informed of his current address as required; and
3. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **December 4, 2020**      *Dale A. Drozd*
                                 UNITED STATES DISTRICT JUDGE